

Lesli M. Sorensen, SB # 025770
lsorensen@rrpklaw.com
3200 N. Central Avenue, Suite 2250
Phoenix, Arizona 85012
(602) 280-1000 Office
(602) 265-1495 Fax
*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE STATE OF ARIZONA

| | |
|---|---|
| John N. Doe and Jane N. Doe, husband and wife; and Jane T. Doe, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>John R. Doe, an individual; Buckeye Valley Fire District, a government entity; Arizona Fire and Medical Authority, a government entity; and Fictitious Persons 1-10,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYM AND FOR PROTECTIVE ORDER**<br><br>*(Assigned to the Honorable _____)* |

Plaintiffs John N. Doe, Jane N. Doe, and Jane T. Doe (collectively "Plaintiffs"), by and through undersigned counsel, respectfully request that the Court grant Plaintiffs permission to proceed in this action under the pseudonyms "John N. Doe," "Jane N. Doe," and "Jane T. Doe," to proceed against the individual defendant under the pseudonym "John R. Doe," and to enter a protective order barring dissemination of Plaintiffs' and Defendant John R. Doe's true names and requiring that any documents containing their true names be

redacted from pleadings or documents. Plaintiffs' motion is supported by the following memorandum of points and authority and the entire record in this case.

## MEMORANDUM

I.  **LEGAL STANDARD**

A complaint must state the names of all parties. Rule 10(a), Fed.R.Civ.P. Further, "[a]n action must be prosecuted in the name of the real party in interest." Rule 17, Fed.R.Civ.P. However, 15 U.S.C. § 6851(b)(3)(B) authorizes the Court to "grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym."

Notwithstanding the general requirement that parties be named in a complaint, in the Ninth Circuit, "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). "[W]e allow parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Id.* at 1067-1068 (internal citations omitted).

Federal courts have permitted the use of pseudonyms "to preserve privacy in a matter of sensitive and highly personal nature." *Id.* at 1068. In addition, federal courts permit the use of pseudonyms "when identification creates a risk of retaliatory physical or mental harm." *Id*. For the use of pseudonyms to protect against retaliation, the district court must evaluate (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, and (3) the anonymous party's vulnerability to such retaliation. *Id.* at 1068.

Finally, anonymity for defendants is not rare in "suits involving both anonymous plaintiffs and defendants, such as divorce and custody cases." *Arizona Board of Regents v. Doe*, 2020 WL 5057628 *1, *2 (D. Ariz. 2020) (internal citations and quotations omitted).

"In cases where the plaintiffs have demonstrated a need for anonymity, the district court should use its powers to manage pretrial proceedings, *see* FED. R. CIV. P. 16(b), and to issue protective orders limiting disclosure of the party's name, *see* FED. R. CIV. P. 26(c), to preserve the party's anonymity . . .." *Advanced Textile Corp.*, 214 F.3d at 1069 (italicized emphasis in original).

## II.    FACTUAL SUPPORT

The Verified Complaint details how Plaintiffs and Defendant John R. Doe ("R. Doe") created ten audiovisual recordings of two or all Plaintiffs depicting them naked and engaging in intimate activities in or around late 2017 and early 2018. Compl. ¶¶ 24-45. The audiovisual recordings contained one or more Plaintiff's intimate visual depictions, including their faces, genitals, nude bodies, distinctive tattoos, and bodily fluids. Compl. ¶¶ 31; 33. The audiovisual recordings were created consensually, subject to the explicit oral agreement that they were not to be shared with third parties. Compl. ¶ 23. All parties sought to protect the Plaintiffs' *and* R. Doe's privacy given their mutually shared concerns for their children, their jobs, and avoiding disrepute in their small communities. Compl. ¶¶ 21-22.

Upon information and belief, R. Doe violated this agreement and uploaded all ten audiovisual recordings to an extreme pornographic website, Motherless.com, over a period of two separate days: July 23, 2022 and August 10, 2022. Compl. ¶¶ 66-69; 73-76. Upon information and belief, R. Doe uploaded these videos to retaliate against Plaintiffs Jane N.

Doe and John N. Doe. Compl. ¶ 80. The Plaintiffs learned of the videos' publication on February 7, 2023 from a friend. Compl. ¶¶ 94-97. Plaintiffs immediately contacted law enforcement and filed a report with the police. Compl. ¶¶ 134-135. After law enforcement's investigation concluded, Plaintiffs served BVFD and AFMA with a Notice of Claim. Compl. ¶ 150. Subsequently, R. Doe began retaliating against Plaintiffs through other means. Compl. ¶¶ 154-168. Without warning, R. Doe unilaterally changed his parenting time schedule. Compl. ¶ 154. R. Doe then informed Plaintiff Jane N. Doe that she was required to immediately drop off their two minor children with him. Compl. ¶ 160. When Plaintiff Jane N. Doe refused because R. Doe had unilaterally changed his schedule without explanation, R. Doe called the police. Compl. ¶¶ 161-162. The police warned Plaintiff Jane N. Doe that if she did not immediately drop off their two minor children with R. Doe, they would have to arrest her. Compl. ¶ 163.

Plaintiffs have been absolutely devastated by R. Doe's actions. Compl. ¶¶ 169-190. Plaintiff Jane T. Doe suffered a significant panic attack upon learning that the videos had been posted online, including shaking, dizziness, nausea, and extreme fear (especially since her new husband, A.A., was unaware of the audiovisual recordings' existence or Jane T. Doe's prior life experiences). Compl. ¶¶ 110-112. Jane T. Doe continues to suffer from anxiety, worsening depressive episodes, and physical abnormalities (*e.g.*, loss of weight, teeth grinding, and lack of sleep). Compl. ¶ 169. Jane T. Doe has been prescribed medication to help with her anxiety symptoms, received muscle injections to help decrease teeth grinding and jaw clenching, and has installed security cameras inside and outside her home. Compl. ¶¶ 170-172.

Plaintiffs John N. Doe and Jane N. Doe have not fared any better. Jane N. Doe has experienced sudden hair loss, anxiety, fear for her safety, night terrors, exhaustion, weight gain, and shaking. Compl. ¶ 180. Jane N. Doe has sought the help of a professional trauma therapist and has been prescribed antidepressants to control her symptoms. Compl. ¶¶ 181-182. Likewise, John N. Doe suffers from re-emerging anxiety, re-emerging bouts of anger, depression, shortness of breath and chest pains, re-emerging teeth grinding, and paranoia. Compl. ¶¶ 184; 189. John N. Doe began seeing a crisis therapist. Compl. ¶ 185. John N. Doe and Jane N. Doe also installed security cameras at their home. Compl. ¶ 183.

## III.   ANALYSIS

Plaintiffs' need for anonymity outweighs prejudice to the opposing parties and the public's interest in knowing the Plaintiffs' or Defendant R. Doe's identities. Further, the threatened mental harm to Plaintiffs is severe, the Plaintiffs' fears are reasonable, and the Plaintiffs are vulnerable to such retaliation.

### A.   This Matter is of a Sensitive and Highly Personal Nature

As a preliminary matter, R. Doe, Arizona Fire and Medical Authority ("AFMA"), and Buckeye Valley Fire District ("BVFD") are aware of Plaintiffs' and R. Doe's true identities. Plaintiffs served a Notice of Claim on AFMA and BVFD providing AFMA and BVFD with material details of the Plaintiffs' claims and allegations. AFMA and BVFD initiated an internal investigation. Currently, R. Doe, AFMA, and BVFD have sufficient information to present their case, including filing an Answer and conducting discovery. The proposed order would not hamper the Defendants' ability to present their defenses and would only limit disclosure of Plaintiffs' and R. Doe's personal information to the public (but permit

disclosure to Defendants and their counsel). Currently, there is simply no prejudice to any of the Defendants due to the use of pseudonyms. *See, e.g., Doe v. Crawford*, --- F.Supp.3d ---, No. 3:23-CV-560, 2023 WL 7688348 *1, *2 (S.D. Miss., N. Div., Nov. 15, 2023) (rejecting argument that plaintiff's identity in revenge pornography case is "material" to the defendant's defense where defendant knew plaintiff's identity).

As to Plaintiffs, Plaintiffs allege they are the victims of revenge pornography by Defendant R. Doe. Plaintiffs are disclosing information of the utmost intimacy, including their (former) sexual relations with each other, (former) sexual habits and preferences, and the existence of photographs and videos of Plaintiffs engaging in sexual acts. Plaintiffs have suffered from significant mental harm because of the audiovisual recordings' publication on Motherless.com.

Plaintiffs engaged in sexual relations with each other and R. Doe with the explicit understanding that all their conduct—including any photos and videos taken—would remain private to protect their significant privacy interests (especially given the fact that they each live in small communities, they each have minor children, and they each have public facing careers). Plainly, these are the kinds of highly personal and sensitive circumstances under which a plaintiff should be permitted to proceed anonymously. *See, e.g., Doe v. Willis*, No. 23-cv-2171, 2023 WL 6907100 *1, *2 (D. Co., Sept. 22, 2023) (granting plaintiff's use of pseudonym and finding claims of revenge pornography "involve matters of the most intimate and sensitive nature"); *Doe v. Sultan*, No. 3:23-cv-00667, 2023 WL 7027976 *1, *1 (W.D. N.C., Charlotte Div., Oct. 25, 2023) (granting victim of revenge pornography's request to proceed using pseudonym); *Doe v. United Airlines, Inc.*, No. 2:17-cv-2825, 2018 WL

3997258 *1, *2-*3 (D. Nev., Aug. 21, 2018) (denying plaintiff's request to proceed using a pseudonym in civil action alleging sexual assault but permitting plaintiff to proceed using her initials, noting "District Courts within the Ninth Circuit uniformly allow plaintiffs alleging sexual assault to proceed under pseudonyms"); *Luo v. Wang*, 71 F.4th 1289, 1300 (10th Cir. 2023) (noting that allegations of sexual assault are an exceptional circumstance involving a matter of a highly sensitive and personal nature); *Southern Methodist University Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712-713 (5th Cir. 1979) (summarizing cases involving a sensitive and highly personal nature, including birth control, abortion, sexual orientation, and welfare rights of illegitimate children or abandoned families).

As to Defendant R. Doe, the considerations are the same. Notably, although 15 U.S.C. § 6851(b)(3)(B) expressly anticipates *plaintiffs* remaining anonymous, here Plaintiffs' anonymity is a nullity if Defendant R. Doe's identity is publicly disclosed. Specifically, because (1) Defendant R. Doe and Jane N. Doe were formerly married and have children together, (2) John N. Doe and Jane T. Doe were formerly married and have children together, and (3) John N. Doe and Jane N. Doe are currently married, any member of the public could identify all of the parties involved with a simple public records search (*e.g.*, family court calendars or minute entries, marriage certificates, or elsewhere). Further, Plaintiffs' disclosure of highly sensitive and personal information directly implicates Defendant R. Doe's own highly sensitive and personal information, as Defendant R. Doe actively participated in the sexual relationship and sexual acts with the Plaintiffs.

Because this matter is of a sensitive and highly personal nature, Plaintiffs' motion

must be granted.

**B.    Plaintiffs' Use of Pseudonyms Protects them from a Risk of Retaliatory Mental Harm**

The threatened mental harm to Plaintiffs is severe, the Plaintiffs' fears are reasonable, and the Plaintiffs are vulnerable to such retaliation from Defendant R. Doe.

<u>The Threatened Mental Harm is Severe</u>

The Plaintiffs have suffered and continue to suffer severe emotional harm because of Defendant R. Doe's publication of the subject audiovisual recordings to Motherless.com. Plaintiffs not only live in constant fear that R. Doe will disclose the audiovisual recordings to third parties again, including through the Internet and on pornographic websites, but that R. Doe will disclose the existence of this lawsuit and Plaintiffs' true identities to Plaintiffs' colleagues, friends, co-workers, and family (including Plaintiffs' minor children) for the sole purpose of further humiliating, embarrassing, and ridiculing Plaintiffs. Such an occurrence would obliterate Plaintiffs' privacy and cause Plaintiffs even greater mental harm. *See, e.g., Willis*, 2023 WL 6907100 at *2 ("[R]evealing plaintiff's identity plainly will incur, and thus compound, the very harm he already allegedly has suffered as a result of defendants' [revenge pornography]").

<u>Plaintiffs' Fears are Reasonable</u>

Defendant R. Doe has established a pattern and practice of retaliating against Plaintiffs. Based on the record, it is more likely than not that when Jane N. Doe obtained a change in residence order from the Family Court and got engaged to John N. Doe, R. Doe uploaded the audiovisual recordings to Motherless.com. When Plaintiffs subsequently

contacted law enforcement, AFMA, and BVFD regarding the videos, R. Doe suddenly and unilaterally changed his parenting time schedule and called the police on Jane N. Doe to have her arrested. Plaintiffs are certain that R. Doe will continue to retaliate against them once the lawsuit is filed and served on R. Doe.

<u>Plaintiffs are Vulnerable to Retaliation</u>

Plaintiffs assert that they have already been retaliated against by R. Doe at least *twice* and have suffered severe emotional harm, including without limitation being diagnosed with new medical conditions and prescribed new medications. Plaintiffs are not only susceptible to retaliation from R. Doe, but R. Doe is willing to engage in extreme and outrageous conduct—revenge pornography—to accomplish his retaliatory goals. *See Willis, supra.*

<u>Conclusion</u>

Because the threatened mental harm to Plaintiffs is severe, the Plaintiffs' fears are reasonable, and the Plaintiffs are vulnerable to such retaliation from Defendant R. Doe, Plaintiffs' motion must be granted.

**C.     The Use of Pseudonyms Adequately Protects the Public's Right to Access Judicial Proceedings**

Finally, there is "no significant public interest in knowledge of or access to" Plaintiffs' true identities in matters concerning revenge pornography. *Willis*, 2023 WL 6907100 at *2. Even if there were a public interest in such information, permitting both Plaintiffs and R. Doe to proceed using a pseudonym preserves the "public's common law right of access to judicial proceedings" by avoiding the need to file *all* pleadings and documents containing Plaintiffs' or R. Doe's true identities under seal (including the

9

Verified Complaint and this motion, if pseudonyms were not used), or attempting to redact any and all information contained in such pleadings and documents that could reasonably lead to the discovery of the Plaintiffs' true identities.

Finally, 15 U.S.C. § 6851(b)(3)(B) <u>expressly</u> anticipates plaintiffs remaining anonymous and authorizes the Court to "grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym." Federal courts have routinely permitted plaintiffs asserting claims under 15 U.S.C. § 6851(b)(3)(B) to use pseudonyms. *See, e.g., Willis*, 2023 WL 6907100 and *Sultan*, 2023 WL 7027976; *cf. Crawford*, --- F.Supp.3d ---, 2023 WL 7688348 (denying *defendant*'s motion to seal case).

## IV.   CONCLUSION

Based on the existing record, the Plaintiffs' motion to proceed anonymously is appropriate and must be granted. Nondisclosure of Plaintiffs' and Defendant R. Doe's identities to the public is necessary to protect Plaintiffs' privacy and to protect Plaintiffs from any further harassment, injury, ridicule, personal embarrassment, or retaliation. Further, the Defendants are already aware of Plaintiffs' and Defendant R. Doe's true identities. Finally, 15 U.S.C. § 6851(b)(3)(B) expressly acknowledges the suffering victims of revenge pornography face and anticipates that Plaintiffs would want to bring their case anonymously to protect themselves.

///

///

///

///

RESPECTFULLY SUBMITTED this 6th day of February, 2024.

**RYAN RAPP PACHECO SORENSEN, PLC**

By: _____
  Lesli M.H. Sorensen, Esq.
  *Attorneys for Plaintiffs*

