# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John N Doe, et al., | No. CV-24-00252-PHX-DLR |
| Plaintiffs, | **PROTECTIVE ORDER** |
| v. | |
| Unknown Party, et al., | |
| Defendants. | |

Having received and considered the parties' Stipulation for Entry of Protective Order (Doc. 31), and good cause appearing,

**IT IS HEREBY ORDERED** that, pursuant to the parties' stipulation, the Court enters this Protective Order. The following procedures shall apply to confidential documents and information produced or disclosed in this case:

/ / /

/ / /

/ / /

**I.     CONFIDENTIAL INFORMATION.**

**A.     Definition of "Confidential" and "Confidential – Attorneys' Eyes Only" Information.**

"Confidential" information means any non-public testimony, information, documents, or data that the designating party in good faith believes contains [A] employment information (including without limitation employment files and discipline records), [B] medical information (including without limitation medical records, treatment history, prescriptions, physician notes and findings, and expert opinions regarding the same), [C] intimate visual depictions (as that term is defined by 15 U.S.C. § 6851), and/or [D] the true names or personally identifying information for Plaintiffs, Defendant John R. Doe, or confidential witnesses X.X., Y.Y, and A.A. (including without limitation information that can be used to ascertain their true names, such as names of family members, email addresses, phone numbers, social security numbers, and mailing addresses) that is sensitive, confidential, and/or that might cause annoyance, embarrassment, or oppression (including without limitation a reasonable fear or risk of retaliation, intimidation, or pressure to act or not act) to any party or a non-party.

"Confidential – Attorneys' Eyes Only" information means any Confidential information that the designating party in good faith believes would cause severe damage if it were disclosed to another party or non-party. "Severe damage" means the designating party knows or has reason to believe that the information is highly sensitive and its disclosure would lead directly to injury, embarrassment, or stigma.

Confidential and Confidential – Attorneys' Eyes Only information may include any document or information produced, disclosed, or exchanged in accordance with the Federal Rules of Civil Procedure or by agreement, including, without limitation, initial and supplemental disclosures, interrogatory answers, responses to requests for admission, responses to subpoenas, responses to requests for production, and any other documents or information produced in response to discovery requests, or contained in deposition testimony and exhibits, pleadings, motions, briefs, affidavits, declarations, and any other

discovery or disclosure made in this litigation.

**B.    Designation of Confidential Information and Confidential – Attorneys' Eyes Only Information.**

The parties may designate Confidential and Confidential – Attorneys' Eyes Only information by stamping, labeling or other otherwise appropriately marking the documents or information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate. Each designating party shall use its best good-faith efforts to limit the use of the Confidential – Attorneys' Eyes Only designation to only the most sensitive Confidential information that the designating party believes in good faith would cause severe damage. The designating party will also make every effort to provide discovery in a manner that will allow for most discovery to be produced without the Confidential – Attorneys' Eyes Only designation.

A party must designate information as Confidential or Confidential – Attorneys' Eyes Only prior to producing the information to other parties. A party may remedy an inadvertent failure to designate produced documents or other materials by providing a supplemental notice and designation to the other parties within thirty (30) business days after the producing party first learns that it inadvertently failed to designate the information as Confidential or Confidential – Attorneys' Eyes Only. Following such notice, the identified materials shall be fully subject to this Protective Order; however, there shall be no sanction for any use or disclosure of such information by another party prior to the supplemental notice and designation.

With respect to discovery responses that contain or constitute Confidential or Confidential – Attorneys' Eyes Only information, the responding party shall include a "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation, as appropriate, on each page of the discovery response, and on each page of any document containing Confidential or Confidential – Attorneys' Eyes Only information.

Any party may designate any portion of a deposition as Confidential or

Confidential – Attorneys' Eyes Only by notifying the other parties on the record during the deposition, and following up with specific transcript or exhibit designations in writing within thirty (30) calendar days after the parties' receipt of the deposition transcript. If a party provides notice at the deposition that it intends to designate all or a portion of the deposition testimony as Confidential or Confidential – Attorneys' Eyes Only, the deposition transcript shall be treated as "Confidential" during the period between the date of the deposition and thirty (30) calendar days following the parties' receipt of the deposition transcript. Each court reporter and videographer participating in any deposition in this litigation shall be informed of, and provided with a copy of, this Protective Order. When directed, each court reporter shall designate those portions of the deposition transcript(s) with the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER," as appropriate.

**C.     Related Documents.**

The terms of this Protective Order shall extend to and protect (1) all copies, extracts, and complete or partial summaries prepared from documents or information designated as Confidential or Confidential – Attorneys' Eyes Only; (2) portions of deposition transcripts that contain or reflect the content of any documents or information designated as Confidential or Confidential –Attorneys' Eyes Only and that are so designated pursuant to the provisions of this Protective Order; (3) portions of briefs, memoranda, or any other writing filed with the Court and any exhibits thereto that contain or reflect the content of any documents or information designated as Confidential or Confidential – Attorneys' Eyes Only; and (4) designated testimony taken at a hearing or other proceedings that contains or reflects the content of any documents or information designated as Confidential or Confidential – Attorneys' Eyes Only.

**D. No Greater Protection of Specific Documents.**

Except in those situations in which a privilege may exist that is not addressed by this Protective Order, no party may withhold information or documents from discovery

on the ground that the information or document requires protection greater than what is set forth in this Protective Order, unless the party first files a motion with the Court to request the greater protection.

## II.     CHALLENGES TO DESIGNATION.

If any party desires to challenge the designation by another party of Confidential or Confidential – Attorneys' Eyes Only with respect to any information or document, the party who desires to challenge shall provide the designating party with written notice of the challenge. The parties shall then meet and confer in good faith within fourteen (14) calendar days of the notice and utilize their best efforts to attempt to resolve the dispute. If the parties are unable to resolve the dispute at the meet and confer, the party challenging the designation may file a motion with the Court to seek relief. The designating party bears the burden of proving that the Confidential or Confidential – Attorneys' Eyes Only designation is appropriate.

If a party challenging the designation of information as Confidential or Confidential –Attorneys' Eyes Only seeks relief from the Court, the protections of this Protective Order will continue to apply to the designated information until the matter is decided by the Court.

## III.     ACCESS TO AND USE OF INFORMATION.

**A.     Use of Confidential and Confidential – Attorneys' Eyes Only Information for Litigation Purposes Only.**

All Confidential and Confidential – Attorneys' Eyes Only information received in this action, whether through disclosures, discovery, or otherwise, shall be used solely for purposes of this action and not for any other purpose.

**B.     Access to Confidential Information.**

Information designated as Confidential, and any information or materials derived therefrom, shall only be disclosed to, made available to or used by:

1. Upon execution of an Acknowledgement in the forms attached as Exhibit A (to be signed by all parties) and Exhibit C (to be signed by John R. Doe only) to this Protective Order, he parties;

2. Counsel for the parties and their employees, contractors, and consultants to whom disclosure of Confidential information is necessary for purposes of this action;

3. In-house counsel for a party;

4. The Court and its personnel in any proceeding in this action;

5. The author or identified recipient of the Confidential information;

6. The officer taking, reporting, or videotaping a deposition and employees of such officer to the extent necessary to prepare the transcript or video of the deposition;

7. Witnesses at depositions to whom disclosure is reasonably necessary. Witnesses may not retain a copy of the documents containing Confidential information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Such witnesses shall be informed that they shall not copy any exhibit marked Confidential and shall return all such exhibits to counsel for the producing party. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential information pursuant to the process set out in this Protective Order must be separately designated by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

8. Upon execution of an Acknowledgement in the form attached as Exhibit A to this Protective Order, insurers of the parties who require the information to assist in, or evaluate, this action;

9. Upon execution of an Acknowledgement in the form attached as Exhibit A to this Protective Order, independent experts who have been retained by the parties in this action or their counsel of record;

    10. Upon execution of an Acknowledgement in the form attached as Exhibit A to this Protective Order, graphics, design, jury consultant, or focus group services retained by the parties or counsel;

    11. Upon execution of an Acknowledgement in the form attached as Exhibit A to this Protective Order, any third-party mediator or settlement conference representative jointly selected by the parties or appointed by the Court; and

    12. Any other person to whom the designating party agrees in writing.

  In addition to the above, Defendants and Defendants' respective counsel shall not disclose the true names and identities of confidential witnesses X.X., Y.Y., or A.A. to any person or entity without: (1) providing the person to whom such disclosure is to be made (the "Recipient") the terms of this Protective Order; (2) requiring the Recipient to execute the acknowledgment contained in Exhibit A; and (3) providing a copy of the executed acknowledgment to Plaintiffs' counsel two (2) business days prior to the disclosure of X.X., Y.Y., or A.A.'s true identities to the Recipient.

  Upon request, and for good cause shown, copies of Exhibit A, as executed by persons receiving Confidential information (except for non-testifying expert consultants), shall be made available for inspection by counsel of the parties.

  **C.** **Process for Contacting Confidential Witnesses X.X., Y.Y., and A.A.**

  Defendants' legal counsel, including agents or employees, may informally interview any confidential witness. Any person who contacts a confidential witness for an informal interview shall inquire at the outset whether the witness is represented by counsel. If the answer is yes, all future communications with the confidential witness must proceed exclusively through counsel. If the answer is no, before proceeding further the interviewer must advise the witness which party the interviewer represents and inform the confidential witness of his or her right to decline to be interviewed, and to have counsel for the opposing party present for the interview. Further, the interviewer shall ask if the witness is willing to be interviewed, and shall obtain an affirmative answer, before proceeding with the interview.

**D.     Access to Confidential – Attorneys' Eyes Only Information.**

Information designated as Confidential – Attorneys' Eyes Only, and any information or materials derived therefrom, shall only be disclosed to, made available to or used by:

1. Counsel of record in this action and their employees and contractors to whom disclosure of Confidential – Attorneys' Eyes Only information is necessary for purposes of this action;

2. The Court and its personnel in any proceeding in this litigation;

3. The author or identified recipient of the Confidential – Attorneys' Eyes Only information;

4. The officer taking, reporting, or videotaping a deposition and employees of such officer to the extent necessary to prepare the transcript or video of the deposition;

5. Witnesses at depositions to whom disclosure is reasonably necessary and (a) to whom the disclosing party has agreed, in advance of the deposition, may view the Confidential – Attorneys' Eyes Only information, or (b) who otherwise is entitled under this Protective Order to view the information designated as Confidential – Attorneys' Eyes Only. Witnesses may not retain a copy of documents containing Confidential – Attorneys' Eyes Only information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Such witnesses shall be informed that they shall not copy any exhibit marked Confidential – Attorneys' Eyes Only and shall return all such exhibits to counsel for the producing party. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential – Attorneys' Eyes Only pursuant to the process set out in this Protective Order must be separately designated by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

6. Upon execution of an Acknowledgement in the form attached as Exhibit B to this Protective Order, independent experts who have been retained by the parties in this action or their counsel of record;

7. Upon execution of an Acknowledgement in the form attached as Exhibit B to this Protective Order, graphics, design, jury consultant, or focus group services retained by the parties or counsel;

8. Upon execution of an Acknowledgement in the form attached as Exhibit B to this Protective, any third-party mediator or settlement conference representative jointly selected by the parties or appointed by the Court; and

9. Any other person to whom the designating party agrees in writing.

Upon request, and for good cause shown, copies of Exhibit B, as executed by persons receiving Confidential – Attorneys' Eyes Only information (except for non-testifying expert consultants), shall be made available for inspection by counsel of the parties.

### E. Information Submitted to the Court.

Any document that a party intends to file with the Court that is marked as Confidential or Confidential – Attorneys' Eyes Only by another party or contains or discloses the specific substance or content of information designated as Confidential or Confidential – Attorneys' Eyes Only shall be filed pursuant to the procedures set forth in Local Civil Procedure Rule 5.6(d).

Subject to the Federal Rules of Evidence, and notwithstanding the foregoing, nothing in this Protective Order affects in any way the admissibility of any documents, testimony, or other evidence at trial, or restricts the use of information or documents at trial. No party is agreeing that any exhibits offered or admitted at trial are Confidential or Confidential – Attorneys' Eyes Only information. Any party who intends to use at trial a Confidential or Confidential – Attorneys' Eyes Only document or information shall list the document or information as a Confidential or Confidential – Attorneys' Eyes Only document or information in the final joint pretrial statement. Either side may ask

the Court to determine whether the proffered evidence will be treated as Confidential or Confidential – Attorneys' Eyes Only during trial and, if so, what protection may be afforded to such evidence at trial.

**F.    Subpoena for Confidential or Confidential – Attorneys' Eyes Only Information.**

A party who serves a subpoena on a non-party shall serve a copy of this Protective Order simultaneously with the subpoena, or, if the subpoena has already been served, within ten (10) days of the Court's entry of the Protective Order.

Upon receipt of responsive documents, the party who served the subpoena on a non-party may designate the documents received as Confidential or Confidential – Attorneys' Eyes Only information pursuant to this Protective Order.

**IV.    CONFIDENTIALITY OF A PARTY'S OWN DOCUMENTS.**

Nothing in this Protective Order shall affect the right of the producing or designating party to disclose to its own attorneys, officers, directors, Board members, employees, consultants, experts, or any other person information or documents the party has designated as Confidential or Confidential – Attorneys' Eyes Only, subject to Protective Order at 8:3-24, John N. Doe, et al. v. John R. Doe, et al., No. CV-24-000252-PHX-DLR (D. Ariz. Feb. 7, 2024), ECF No. 8.

**V.    TERMINATION OF LITIGATION.**

Within sixty (60) calendar days of the final resolution of this action, which includes the exhaustion of all available appeals, all persons subject to the terms of this Protective Order shall: (1) destroy and certify to the producing party that all Confidential and Confidential – Attorneys' Eyes Only information has been destroyed or assembled and returned to the producing party; and (2) destroy any outlines, summaries, abstracts, compilations, memoranda, or other documents that constitute, embody, contain, or disclose the contents of the Confidential or Confidential – Attorneys' Eyes Only information; except, however, that counsel for the parties may retain an electronic or paper copy of their entire file, including Confidential and Confidential – Attorneys' Eyes

Only information, pursuant to their respective document retention policies.

The terms of this Protective Order shall survive and remain in full force and effect even after the final resolution of this action. The Court shall retain jurisdiction over the parties, their counsel, and all persons to whom Confidential or Confidential – Attorneys' Eyes Only information was disclosed for the purpose of enforcing the terms of this Protective Order and, if necessary, imposing appropriate sanctions for any violation of this Protective Order.

### VI. PRIVILEGED DISCOVERY MATERIAL.

If any party inadvertently produces or discloses attorney-client privileged communications, attorney work-product, or other information or communications protected as privileged under the Federal Rules of Evidence, Federal Rules of Civil Procedure and any other applicable law (collectively, "Privileged Information"), the provisions of Federal Rule of Civil Procedure 26(b)(5) and Federal Rule of Evidence 502(b) shall apply.

If any party becomes aware that it has received information that appears to be Privileged Information, that party shall immediately cease further review of the information at issue and shall immediately notify the producing party. The producing party shall promptly review the information at issue. If the producing party asserts a privilege over the information, or if a producing party at any time notifies any other party that it has inadvertently produced Privileged Information, the party in receipt of the information at issue shall: (1) refrain from reviewing the Privileged Information; and (2) return to the producing party, or destroy, all copies, including electronic copies, of the Privileged Information.

Any party may challenge the designation of information as Privileged Information by filing an appropriate motion with the Court. Information designated as Privileged Information shall be treated as Privileged Information under this Protective Order until entry of a final order otherwise, including any final appellate review of such order.

**VII. ADDITIONAL PROTECTION.**

Nothing in this Protective Order shall preclude any party from seeking and obtaining from the Court, on a sufficient showing, additional protection with respect to the confidentiality of documents, information, or other discovery material. Likewise, nothing in this Protective Order precludes a party from seeking relief from this Protective Order with respect to particular documents or information designated as Confidential or Confidential – Attorneys' Eyes Only.

**VIII. MODIFICATION.**

The terms of this Protective Order may be modified by agreement of the parties or order of this Court for good cause appearing, upon application by any party or upon the Court's own order.

Dated this 19th day of September, 2024.

Douglas L. Rayes
Senior United States District Judge

# **EXHIBIT A**

**Agreement to the Terms of the Protective Order**

I, _____, being a person authorized in the Protective Order to have access to Confidential Information protected by the Protective Order, have read and understand the Protective Order and hereby agree to be bound by the terms of the Protective Order.

DATED: _____    /s/ _____

Print Name: _____